IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLIE FRANK DARDY, #116 706, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:16-CV-842-WKW |
| | ) | [WO] |
| HON. CHRISTOPHER HUGHES, | ) | |
| | ) | |
| Defendant. | ) | |

\*   \*   \*   \*   \*   \*   \*

| | | |
|---|---|---|
| CHARLIE FRANK DARDY, #116 706 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 3:16-CV-897-WKW |
| | ) | [WO] |
| HON. CHRISTOPHER HUGHES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a state inmate incarcerated at the Holman Correctional Facility in Atmore, Alabama, filed this 42 U.S.C. § 1983 action on October 20, 2016.[1] He alleges that rights, privileges, or immunities afforded him under the Constitution or laws of the United States were abridged by the conduct and actions of Defendants regarding his state criminal court proceedings before the Circuit Court for Lee County, Alabama in June of 2011. Plaintiff names the Honorable Christopher

---

[1] Although the Clerk stamped the present complaint "filed" on October 24, 2016, Plaintiff signed his complaint on October 20, 2016. A *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). In light of the foregoing and for purposes of the proceedings herein, the court considers October 20, 2016, as the date of filing.

Hughes and Kisha Abercrombie, the Assistant District Attorney assigned to his case, as defendants in this cause of action.  Plaintiff requests a new trial and monetary damages.

Upon review, the court concludes this case is due to be summarily dismissed prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[2]

## I.  DISCUSSION

**A. The Statute of Limitations**

Plaintiff challenges the admission of "tainted and/or contaminated" evidence at his trial he alleges resulted in his wrongful conviction. To the extent Plaintiff seeks to challenge the legality of Defendants' conduct and or actions during his criminal trial proceedings in June of 2011 before the Circuit Court for Lee County, Alabama, the complaint is barred by the statute of limitations applicable to actions filed by an inmate under 42 U.S.C. § 1983.

> Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *Whitson v. Baker*, 755 F.2d 1406, 1409 (11th Cir. 1985).  Selection of a limitations period for § 1983 actions changed several times [between 1985 and 1989].  Alabama law, however, provides that the applicable limitations period is the one in effect when the claim is filed, not when the cause of action arose. *Tyson v. Johns Manville Sales Corp.*, 399 So.2d 263, 269-70 (Ala. 1981).  It is undisputed that § 1983 claims were subject to a two year limitations period at that time. *See Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483-84 (11th Cir. 1989) (Jones II).

*Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994).  When Plaintiff filed this suit, the statute of limitations for actions brought under 42 U.S.C. § 1983 was two years. *Owens v. Okure*, 488 U.S. 235, 249-250 (1989) (the proper statute of limitations for § 1983 actions is the forum state's

---

[2] Plaintiff sought leave to proceed *in forma pauperis*.  The court granted Plaintiff *in forma pauperis* status except to the extent he was required to pay an initial partial filing fee.  Plaintiff filed the requisite initial partial filing fee on December 29, 2016 and January 6, 2017. *See Dardy v. Hughes, et al.*, Civil Action No. 3:16-CV-897-WKW (Docs. 8, 9).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

general or residual statute of limitations for personal injury actions); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992). In Alabama, the general statute of limitations for personal injury actions is two years. *Ala. Code* § 6-2-38(l).

Although the state statute of limitations applies, the time of accrual is a federal question. *See Cox v. Stanton*, 529 F.2d 47, 49-50 (4th Cir. 1975). The running of the statute of limitations begins when Plaintiff knows or has reason to know of her injury. *Id.*

Here, Plaintiff should have known of his injury on or about June 27-29, 2011, when he was convicted and sentenced in the Circuit Court for Lee County. Because Plaintiff failed to file the instant complaint until over two years after this time, the statute of limitations now bars consideration of his claims. Plaintiff's complaint against the named defendants is, therefore, subject to dismissal as frivolous under the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. Ga. Pardons and Parole Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990) (in an action proceeding under § 1983, the court may consider, *sua sponte*, affirmative defenses apparent from the face of the complaint); *see also Neitzke v. Williams*, 490 U.S. 319 (1989).

Even if Plaintiff could demonstrate his claims are not barred by the statute of limitations, his complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). Plaintiff's challenge to Defendants' conduct in initiating, presiding, and/or prosecuting criminal charges against him entitles him to no relief.

**B. Judge Christopher Hughes**

1. <u>The Request for Monetary Damages</u>. Plaintiff's allegations against Judge Hughes emanate from actions taken by this defendant in his judicial capacity during state court proceedings over which he had jurisdiction. The law is well settled that a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority. *Forrester v. White*, 484 U. S.

219, 227-229 (1988); *Paisey v. Vitale in and for Broward Cty.*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978). In light of the foregoing, Plaintiff's claims for monetary damages against Judge Hughes are "based on an indisputably meritless legal theory" and are therefore due to be summarily dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

  2. <u>Request for Declaratory/Injunctive Relief from State Court Action</u>. To the extent Plaintiff seeks declaratory and/or injunctive relief from final orders issued by Judge Hughes, this court lacks jurisdiction to render such judgment in an action filed under 42 U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents . . . lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Plaintiff from proceeding before the court as this case, with respect to any claims challenging a final order issued by a state court, is "'brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at 464. Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

  In light of the foregoing, the court concludes that summary dismissal of any requests seeking declaratory or injunctive relief against Judge Hughes regarding matters associated with

Plaintiff's state court criminal case is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark*, 915 F.2d 636; *see also Neitzke*, 490 U.S. at 327.

**C. Assistant District Attorney Kisha Abercrombie**

"[A] prosecutor is entitled to absolute immunity for all actions [she] takes while performing [her] function as an advocate for the government." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("A prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate."); *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009) (In a § 1983 action, "the immunity that the law grants prosecutors [for actions intimately associated with initiation, prosecution and punishment in a criminal case] is 'absolute.'"); *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976) ("[A] prosecutor enjoys absolute immunity from § 1983 suits for damages when [she] acts within the scope of [her] prosecutorial duties."); *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002) ("A prosecutor is entitled to absolute immunity for all actions [she] takes while performing [her] function as an advocate for the government."). The absolute immunity afforded prosecutors protects against "impair[ing] the performance of a central actor in the judicial process." *Malley v. Briggs*, 475 U.S. 335, 343 (1986). Absolute immunity from § 1983 liability is afforded to all conduct of a prosecutor that is "intimately associated with the judicial phase of the criminal process," which includes representing the State's interests during the sentencing phase of the process. *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler*, 424 U.S. at 430-431). This immunity is applicable even where the prosecutor acts "maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986); *accord, Prince v. Wallace*, 568 F.2d 1176, 1178-79 (5th Cir. 1978).

The claims presented by Plaintiff concern actions undertaken by the Assistant District Attorney while she engaged in activities intimately associated with the judicial phase of the criminal process, conduct for which Ms. Abercrombie is entitled to absolute immunity. *Buckley*, 509 U.S. at 273; *Burns*, 500 U.S. at 493. Thus, Plaintiff's claims against Assistant District Attorney Abercrombie are due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). Further, Plaintiff is entitled to no declaratory or injunctive relief in this § 1983 complaint for any adverse action taken during the state criminal court proceedings related to his conviction and/or sentence under which he is incarcerated. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983); *Newman v. Alabama*, 683 F.2d 1312 (11th Cir. 1982).

### D. The Challenge to Plaintiff's Conviction

If Plaintiff seeks to challenge the validity of a criminal conviction and/or sentence imposed upon him by the Circuit Court for Lee County, Alabama, such claims go to the fundamental legality of his confinement and provide no basis for relief at this time. *Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In *Heck*, the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the [order requiring such confinement] is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. The Court emphasized that "habeas corpus is the exclusive remedy for a [confined individual] who challenges the fact or duration of h[er] confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and concluded that Heck's complaint was due to be dismissed as no cause of action

existed under section 1983. *Id.* at 481. The Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court further concluded that an inmate's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 . . ." unless the inmate can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. The Court determined this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id*. at 645. The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of her confinement is a petition for writ of habeas corpus. *Id*. The Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

Under the circumstances of this case, *Heck* and its progeny bar Plaintiff's use of any federal civil action, other than a petition for habeas corpus relief under 28 U.S.C. § 2254, to mount a collateral attack on the validity of his sentence. 512 U.S. at 489 ("We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion."). Consequently, the claims presented by Plaintiff challenging the constitutionality of his state court conviction and/or sentence are not cognizable in this cause of action at this time and are, therefore, subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims challenging events which occurred on or before June 29, 2011, be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) as Plaintiff failed to file the complaint regarding these allegations within the time prescribed by the statute of limitations;

2. Plaintiff's § 1983 claims against Defendants Hughes and Abercrombie be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) & (iii);

3. Plaintiff's challenge to the constitutionality of the conviction and/or sentence imposed upon him in June of 2011 by the Circuit Court for Lee County, Alabama, be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before the court at this time; and

4. This case be DISMISSED prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

It is further

ORDERED that **on or before February 24, 2017**, Plaintiff may file an objection to the Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file a written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of

plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 10th day of February 2017.


/s/   Wallace Capel, Jr.
UNITED STATES MAGISTRATE JUDGE